UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMM & ASSOCIATES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW BROAD,<br><br>Defendant. | Civil No. 05-2370 (JRT/FLN)<br><br>**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |

William Christopher Penwell, **SIEGEL BRILL GREUPNER DUFFY & FOSTER, PA**, 100 Washington Avenue South, Suite 1300, Minneapolis, MN 55401, for plaintiff.

Charles A. Horowitz, Shawn L. Pearson, and V. John Ella, **MANSFIELD TANICK & COHEN, PA**, 220 South Sixth Street, Suite 1700, Minneapolis, MN 55402, for defendant.

This action was originally filed in the state district court of Hennepin County, Minnesota, and was removed to this Court on October 11, 2005, pursuant to 28 U.S.C. § 1441. Plaintiff Timm & Associates, Inc. ("Timm & Associates") filed suit against defendant Andrew Broad ("Broad") asserting breach of contract. This matter is now before the Court on plaintiff's motion for a preliminary injunction to enforce its non-competition agreement with Broad. For the reasons discussed below, the preliminary injunction is denied.

## BACKGROUND

Plaintiff is in the commercial real estate business, and specializes in brokering sales of hotels and motels in the Upper Midwest. Broad claims that on or about September 15, 1999, Greg Timm, president of Timm & Associates, orally offered Broad a position with Timm & Associates. Broad asserts that he accepted the offer of employment, resigned from his former position at Morgan Stanley, and began taking classes for real estate licensure, which would be necessary for his new job. (Broad Aff. ¶¶ 41-5; Broad Supplemental Aff. ¶¶ 4, 6.) Broad also claims that on October 11, 1999, after he had begun his work activities at Timm & Associates (Broad Aff. ¶¶ 3, 4), Greg Timm indicated, for the first time, that Broad would have to sign an employment contract, with a non-competition provision, in connection with his employment at Timm & Associates. (Broad Aff. ¶¶ 4, 5.) The non-competition provision prohibits Broad from working for a competitor, or from working with any of plaintiff's customers, for a period of two years after termination of employment, in the states in which plaintiff holds a brokers license. Broad signed the employment contract.

Plaintiff disputes Broad's contention that he received and accepted the offer of employment at Timm & Associates before receiving the employment contract with the non-competition provision. Rather, Greg Timm avers that it was his standard practice to present the employment contract with the non-competition provision at the same time he made an offer of employment. (Timm Aff. ¶ 4.)

On February 2, 2005, Broad resigned from Timm & Associates. Broad then began working for HREC Investment Advisors in its New York office. HREC also provides hotel brokerage services. In fall of 2005, plaintiff learned that Broad was working on two

sales of hotels, one hotel in Minnesota and one in Wisconsin, and asserts that those sales violate the terms of the non-competition provision.

## ANALYSIS

### I. PRELIMINARY INJUNCTION

In the Eighth Circuit, a preliminary injunction may be granted only if the moving party can demonstrate (1) that there is a likelihood of success on the merits; (2) that the movant will suffer irreparable harm absent the restraining order; (3) that the balance of harms favors the movant; and (4) that the public interest favors the movant.  *See Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 n.4 (8th Cir. 1987); *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).  The party requesting the injunctive relief bears the "complete burden" of proving all the factors listed above.  *Gelco*, 811 F.2d at 418.

#### 1. Likelihood of Success

As the movant, Timm & Associates must show a likelihood of success on its contention that Broad is bound by the non-competition provision in the employment contract.  Broad asserts that the non-competition provision is not binding on him because it was not executed ancillary to the offer of employment, and because he received no independent consideration for it.  Timm & Associates argues that it is binding on Broad, claiming first that the non-competition agreement was executed ancillary to the offer of employment.  Timm & Associates also argues that even if the non-competition agreement were executed after Broad accepted the offer of employment, it is still binding because it was supported by independent consideration.

In Minnesota, restrictive covenants are "looked upon with disfavor, cautiously considered, and carefully scrutinized." *Kallok v. Medtronic, Inc.*, 573 N.W.2d 356, 361 (Minn. 1998) (quoting *Bennett v. Storz Broadcasting Co.*, 134 N.W.2d 892, 898 (Minn. 1965)). Non-competition agreements are invalid unless bargained for and supported by adequate consideration. *Sanborn Mfg. Co. v. Currie*, 500 N.W.2d 161, 164 (Minn. Ct. App. 1993); *Nat'l Recruiters, Inc. v. Cashman*, 323 N.W.2d 736, 740 (Minn. 1982). Where a non-competition agreement is not ancillary to an employment contract, it must be supported by independent consideration to be enforceable. *Sanborn*, 500 N.W.2d at 164; *Nat'l Recruiters*, 323 N.W.2d at 740-41. Proof of continued employment, without more, is generally not enough to show sufficient consideration for a non-competition agreement. *Sanborn*, 500 N.W.2d at 164; *Nat'l Recruiters*, 323 N.W.2d at 740-41 (distinguishing *Davies & Davies Agency, Inc. v. Davies*, 298 N.W.2d 127, 131 (Minn. 1980)); *Freeman v. Duluth Clinic, Ltd.*, 334 N.W.2d 626, 630 (Minn. 1983). There is no independent consideration unless the employer provides real benefits beyond those already obtained by the employee in a previous contract. *Nat'l Recruiters*, 323 N.W.2d at 741 (training did not constitute independent consideration for non-competition agreement because it was part of a prior employment agreement). A dispute regarding whether an employee received a non-competition agreement prior to accepting an offer of employment constitutes a disputed issue of material fact, and can preclude a showing of likelihood of success on the merits. *Cannon Services, Inc. v. Culhane*, 2004 WL 950414, at *3 (D. Minn. Apr. 30, 2004); *Univ. Hosp. Servs., Inc. v. Henderson*, 2002 WL 1023147, at *3 (D. Minn. May 20, 2002).

Here, Broad attests in his affidavits that he did not receive the non-competition agreement until after he accepted employment with Timm & Associates. (Broad Aff. ¶ 2; Broad Supplemental Aff. ¶¶ 2-9.) In contrast, Greg Timm, president of Timm & Associates, attests in his affidavits that, consistent with his "standard practice," he provided Broad with the non-competition agreement before he accepted the offer of employment. (Timm Aff. ¶ 4; *see also* Timm Second Supplemental Aff. ¶ 4.) Accordingly, there is a genuine dispute as to a very critical fact: when Broad received the non-competition agreement.

Broad also attests that he received no independent consideration for entering into the non-competition agreement. (Broad Aff. ¶ 2.) Greg Timm, on the contrary, argues that Broad did receive "independent consideration" in the form of Broad's salary draw and training. (Timm. Aff. ¶¶ 5, 8; Pl.'s Reply Mem. 6-7.) Although it is possible that a salary draw and training could constitute "independent consideration" sufficient to support a non-competition agreement, they would still have to go "beyond" the scope of the original employment agreement and provide the employee with "real advantages." *Nat'l Recruiters*, 323 N.W.2d at 741; *Freeman*, 334 N.W.2d at 630; *see also Sanborn*, 500 N.W.2d at 164. Here, the parties dispute whether Broad's salary draw and training went "beyond" the scope of the original employment agreement and provided Broad with "real advantages."

At this stage, Timm & Associates has the burden of showing that the non-competition provision is valid and binding on Broad. Given the opposing sworn testimony in the affidavits on the issues of when Broad received the non-competition provision, and whether the salary draw and training went beyond the scope of the original

employment agreement, the Court finds on the record now before the Court that Timm & Associates has not shown a sufficient likelihood of success on the merits to prevail on this motion.

### 2. Irreparable harm

Timm & Associates must also establish that it would suffer "irreparable harm" if the preliminary injunction is denied. The failure to show irreparable harm alone is sufficient to deny a motion for a preliminary injunction. *Dataphase*, 640 F.2d at 114 n.9. A party does not suffer irreparable harm if its injuries may be remedied in a suit for money damages. *Gelco*, 811 F.2d at 418. A former employee's breach of a restrictive covenant does not necessarily entail irreparable harm. *See Curtis Indus., Inc. v. Livingston*, 30 F.3d 96, 97 (8th Cir. 1994) (affirming district court's denial of preliminary injunction, noting that "[d]amages for the injury done to Curtis during the year following the employees' departure could still be awarded, if the District Court, after further proceedings, decides that the agreement not to compete was valid and that the defendants' breach of the agreement has been the proximate cause of ascertainable damages to Curtis.").

Here, as in *Curtis*, damages could be awarded to Timm & Associates for breach of the non-competition agreement, if the agreement is ultimately determined to be binding on Broad. Timm & Associates has identified two specific sales that Broad is brokering that allegedly violate the non-competition agreement. Any commissions earned on those two sales will be easy to determine, and plaintiff's damages resulting from Broad's

brokering of those two sales could then be easily calculated.[1]  As a result, because Timm & Associates may be adequately compensated with money damages, it has not made the showing of irreparable harm necessary for injunctive relief.

The Court has determined that Timm & Associates has failed to make a showing of likelihood of success on the merits, or of irreparable harm.  Plaintiff's failure to meet its burden on these two *Dataphase* factors is dispositive of its motion for preliminary injunction.  Accordingly, the Court need not address the remaining two *Dataphase* factors and holds that Timm & Associates is not entitled to injunctive relief.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff's motion for a preliminary injunction [Docket No. 2] is **DENIED**.

DATED:   November 30, 2005                          s/ John R. Tunheim             _
at Minneapolis, Minnesota.                                   JOHN R. TUNHEIM
                                                             United States District Judge

---

[1] Defendant notes that Broad's employment agreement contains a liquidated damages provision in addition to the non-competition provision.  Defendant suggests that by including a liquidated damages provision, the parties have already chosen their remedy, making injunctive relief unnecessary.  Although the Court does not base its decision today on the presence of the liquidated damages provision in the employment agreement, this reasoning seems persuasive to the Court.